IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Payvox LLC,**  Plaintiff,  v.  **MasterCard International Incorporated,**  Defendant. | Case No. 1:24-cv-1339  Patent Case  Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Payvox LLC ("Plaintiff"), through its attorneys, complains of MasterCard International Incorporated ("Defendant"), and alleges the following:

**PARTIES**

2. Plaintiff Payvox LLC is a corporation organized and existing under the laws of New Mexico that maintains its principal place of business at 1209 MOUNTAIN ROAD PL NE, STE N, Albuquerque, NM 87110.

3. Defendant MasterCard International Incorporated is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 150 5th Ave, New York, NY 10011.

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 8788360; and 8788362 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '8788360 PATENT

9.      The '8788360 Patent is entitled "SYSTEMS AND METHODS FOR AUTOMATED MASS MEDIA COMMERCE," and issued 0014-07-22. The application leading to the '8788360 Patent was filed on 0012-11-12. A true and correct copy of the '8788360 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '8788362 PATENT

10.     The '8788362 Patent is entitled "SYSTEMS AND METHODS FOR AUTOMATED MASS MEDIA COMMERCE," and issued 0014-07-22. The application leading

2

to the '8788362 Patent was filed on 0013-07-29. A true and correct copy of the '8788362 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '8788360 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant directly infringed one or more claims of the '8788360 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '8788360 Patent also identified in the charts incorporated into this Count below (the "Exemplary '8788360 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '8788360 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '8788360 Patent Claims, by having its employees internally test and use these Exemplary Products.

14. Exhibit 3 includes charts comparing the Exemplary '8788360 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '8788360 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '8788360 Patent Claims.

15. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

16. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**COUNT 2: INFRINGEMENT OF THE '8788362 PATENT**

17. Plaintiff incorporates the above paragraphs herein by reference.

18. **Direct Infringement**. Defendant directly infringed one or more claims of the '8788362 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '8788362 Patent also identified in the charts incorporated into this Count below (the "Exemplary '8788362 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '8788362 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

19. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '8788362 Patent Claims, by having its employees internally test and use these Exemplary Products.

20. Exhibit 4 includes charts comparing the Exemplary '8788362 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '8788362 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '8788362 Patent Claims.

21. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

22. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

23. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '8788360 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly one or more claims of the '8788360 Patent;

C. A judgment that the '8788362 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly one or more claims of the '8788362 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '8788360; and '8788362 Patents.

G. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 22, 2024                                     Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
(*Pro hac vice* application forthcoming)
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff
Payvox LLC**